# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| JONATHAN SLONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:08-CV-0361 JVB |
| | ) | |
| SUPERINTENDENT, MIAMI | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Jonathan Slone, a prisoner confined at the Miami Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2002 Noble County, Indiana, conviction for child molesting, for which he was sentenced to thirty years imprisonment. In his petition for writ of habeas corpus, the Petitioner contends that his trial counsel did not advise him of a plea offer, that he was not advised of the sentence that he "was going to get," and that there were "things [he] did not understand" about his trial. (Petition at p. 1). The Respondent asserts that because the Petitioner did not present these claims to the state courts they are barred by the exhaustion doctrine. The Respondent has also submitted portions of the Petitioner's state court record and a motion for relief from the order to produce the entire state court record.

A habeas Petitioner may not resort to federal court without first giving the state courts a full and fair opportunity to address his federal claims and to correct any error of constitutional magnitude. *O' Sullivan v. Boerckel*, 526 U.S. 838, 844-5 (1999); *Wilson* v *Briley***,** 243 F.3d 325, 327 (7th Cir. 2001). Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies constitutes

a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a Petitioner must have presented his federal claims to the state's highest court before seeking federal review of these claims. Id. at, 844-845. The doctrine of procedural default precludes a federal court from reaching the merits of a habeas petition if (1) the claim was presented to the state courts and the state court ruling rested on independent and adequate state procedural grounds, or (2) the Petitioner did not fairly present his federal claim to the appropriate state courts, and those state courts would now hold the claim procedurally barred. *Perruquet v. State*, 390 F.3d 505, 514 (7th Cir. 2004).

If a claim is procedurally defaulted, a federal court will not address the merits of that claim unless the Petitioner can show both cause for the default and prejudice resulting from the failure to obtain review on the merits. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). To show cause and prejudice, the Petitioner must demonstrate that an external impediment blocked the Petitioner from asserting his claim in state court, and that the resulting errors worked to the Petitioner's actual disadvantage, infecting the entire trial with errors of a constitutional dimension. *Lewis v. Stearns*, 390 F.3d 1019, 1026 (7th Cir. 2004), citing *U.S. v. Frady*, 456 U.S. 152, 170 (1982). "Absent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice,' that is, where 'a constitutional violated has probably resulted in the conviction of one who is actually innocent.'" *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999), quoting *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986).

The Petitioner has submitted a copy of his appellate brief, which establishes that the issues he presented on direct appeal were that "the court abused its discretion in admitting the victim's mother's written statement over Slone's hearsay objection" and that "the court abused

2

its discretion in relying on the victim's age as an aggravating circumstance where her age is an element of the offense." (Brief of defendant-appellant in the Court of Appeals of Indiana at p. i). Thus it is apparent that the Petitioner did not present his claims that trial counsel did not advise him of a plea offer, that he was not advised of the sentence that he "was going to get," and that there were "things [he] did not understand" about his trial in his direct appeal.

The Petitioner could have presented these claims in a petition for post-conviction relief. The portion of the state court record submitted by the Respondent establishes that the Petitioner filed a motion for post-conviction relief on July 20, 2005, but withdrew his petition without prejudice on January 16, 2007. (DE 5 , Exhibit A).

The parties' submissions establish that the Petitioner has not exhausted his state court remedies on the claims he presents in his petition for writ of habeas corpus because he has not presented them to the Indiana courts. The Petitioner has not filed a traverse, and has not suggested that good cause exists for his failure to exhaust his state court remedies. Accordingly, the court must deny this petition without prejudice and give the Petitioner the opportunity to present his claims to the state courts.

For the foregoing reasons, the court GRANTS the Respondent's motion for relief from order to produce the full state court record (DE 7), and DENIES the Petitioner's petition for writ of habeas corpus without prejudice for failure to exhaust his state court remedies.

SO ORDERED on March 27, 2009

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Court
Hammond Division